UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MURRAY,

                Plaintiff,

    -v-

C.O. JOHN DOE, *et al.*,

                Defendants.

22-CV-973 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On October 9, 2024, this Court stayed the above-captioned case pending the resolution of Defendant the City of New York's motion to revoke Plaintiff Robert Murray's *in forma pauperis* ("IFP") status in the case *Murray v. City of New York*, 24-CV-4918. (*See* ECF Nos. 65, 66.) While Judge Rochon dismissed the motion in that case as moot once Murray paid the filing fee, the City next moved to revoke Murray's IFP status in another pending case in front of Judge Clarke, *Murray v. City of New York*, 24-CV-3758. (*See* ECF No. 70 at 2.)

Judge Clarke referred the case to Magistrate Judge Aaron, who issued a report and recommendation on March 3, 2025, recommending that the City's motion to revoke Murray's IFP status be granted. *See Murray v. City of New York*, No. 24-CV-03758, 2025 WL 1019680, at * 3 (S.D.N.Y. Mar. 3, 2025) (Aaron, Mag. J.). Judge Aaron determined that Murray, who is currently incarcerated, had filed more than three cases that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[] to state a claim upon which relief may be granted," and thus, pursuant to Section 1915(g) of the Prison Litigation Reform Act ("PLRA"), his IFP status should be revoked. *Id.* at *2 (quoting 28 U.S.C. § 1915(g)). Judge Clarke adopted this Report and Recommendation in full on April 4, 2025, and revoked Murray's IFP status. *See Murray v. City of New York*, No. 24-CV-3758, 2025 WL 1019111, *1 (S.D.N.Y. Apr. 4, 2025).

1

On April 7, 2025, the City filed a status letter in the present case updating the Court on Judge Clarke's order, and asking the Court to take judicial notice of Judge Clarke's assessment pursuant to the PLRA. (ECF No. 70.) Magistrate Judge Stein gave Murray a month to respond to the motion, but he has failed to do so. (*See* ECF No. 71.)

Having considered Judge Aaron's reasoning and Judge Clarke's order, the Court agrees that Murray has accumulated at least "three strikes" from prior cases pursuant to the PLRA. *See Murray*, 2025 WL 101968, at *2-3, *report and recommendation adopted*, 2025 WL 1019111. However, in Murray's complaint in the present case, he adequately alleges that he was facing "imminent danger of serious physical injury" at the time he filed the complaint, thus triggering the exception to the PLRA prohibition on IFP status. *See* 28 U.S.C. § 1915(g). Murray states in his complaint that he was "beat up . . . by officers," rendering him wheelchair-bound at some point between January 2, 2022, and January 27, 2022. (ECF No. 2 at 4.) He then filed the complaint shortly after the alleged events, as his complaint is dated January 27, 2022, and was filed in this Court on February 3, 2022. (*Id.* at 7.) Murray also alleges ongoing harm stemming from the physical abuse he describes in the complaint: at the time of filing, he was still "living in a cell on the floor" "like a dog" and he has "not taken a shower in weeks;" further, he alleges that officers are "vi[o]lating [his] food in retaliation" for filing this lawsuit. (*See id.* at 4-5.) Given the special solicitude this Court must afford a *pro se* litigant, Murray has adequately alleged that he was in imminent danger of serious physical injury at the time his complaint was filed. *See, e.g., Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.")

For the foregoing reasons, the City's motion to revoke Plaintiff's IFP status is DENIED.

The Clerk of Court is directed to lift the stay on this case and to mail a copy of this order to Plaintiff Murray and to his agent, Cynthia Turnipseed, at 758 Pelham Pkwy, Apt. 4F, Brooklyn, NY 10462.

Turnipseed is further requested to update her address on the Docket if she wishes to receive further mailings from the Court. While she listed a Bronx, New York address in her power of attorney designation at Docket Number 69, mailings to that address have been sent back to the Court, and the Court takes notice of the other cases in this District that list her address as Brooklyn, New York.

SO ORDERED.

Dated: May 20, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge